**Mount Nittany Inn v. Benner**

C.P. of Centre County, no. 2003-1781.

*Terry J. Williams, John F. Brown Jr.,* and *Matthew F. Noone,* for plaintiff.

*Kevin P. Smith* and *Michael J. Reilly,* for defendant/ plaintiff.

*Joseph W. Denneler,* for additional defendant.

GRINE, *J.,* September 27, 2005—Presently before this court is defendants', Robert G. Benner and B&S Sheet

Metal's motion to exclude plaintiffs' cornstarch demonstration and testing, through which they seek to preclude plaintiffs, Mount Nittany Inn et al., from introducing certain evidence at trial. This court held a hearing on the matter on September 6, 2005. Counsel for the defendants had previously submitted a supporting memorandum of law on this motion, counsel for plaintiffs submitted a response to defendants' motion, and counsel for both plaintiffs and defendants presented evidence in the form of depositions at the hearing. This court has reviewed defendants' motions to exclude, as well as plaintiff's response to the motions, and for the reasons set forth below *Denies* defendants' motion to exclude the cornstarch demonstration.

## PRELIMINARY DISCUSSION

This case arises out of a fire that occurred on April 16, 2003. Prior to the fire, on or about July 3, 1991, the plaintiff began renovating the restaurant located at 559 North Pennsylvania Avenue, Centre Hall, Centre County. As part of the renovation project, the kitchen was relocated to the northwestern part of the building. In connection with the construction of the new kitchen, plaintiff entered into a written contract with defendant for the design, fabrication, and installation of a kitchen hood and exhaust duct system. Additional defendant, Swartz Fire & Safety Equipment Company Inc., installed, periodically inspected, and maintained a kitchen fire suppression system in plaintiff's kitchen, which was located under the exhaust hood where the fire is alleged to have originated. As a result of the fire, plaintiff brought this negligence, breach of contract, and breach of implied warranty action against defendants, whereby defendants filed a joinder complaint against additional defendant.

## FINDINGS OF FACT

(1) On April 16, 2003, J. Edward Hill first noticed fire inside the salamander in plaintiff's kitchen.

(2) As a result, Mr. Hill grabbed a box of cornstarch or baking soda and pulled out the cooking deck from inside the salamander. Mr. Hill then held the box of cornstarch/baking soda over the cooking deck and sprinkled it directly over the fire.

(3) Mr. Hill "use[d] the box . . . just like a salt shaker."

(4) Mr. Hill then observed another fire burning on top of the salamander by the exhaust vent.

(5) The flames on this second fire were approximately five to eight inches high.

(6) Mr. Hill applied the cornstarch/baking soda to the fire on the top of the salamander the same way he applied it to the fire on the cooking deck, or that he again shook "the box . . . just like a salt shaker."

(7) When Mr. Hill applied the cornstarch to the flames on both the cooking deck and the top of the salamander the flames went out "immediately."

(8) Mr. Ronald Thaman, plaintiff's expert, performed testing to demonstrate the fire suppressive qualities of cornstarch. This cornstarch experiment was conducted on October 8, 2004, in a parking lot in Columbus, Ohio.

(9) Mr. Thaman had the opportunity to, and did, review Mr. Hill's deposition before conducting his experiment.

(10) Mr. Thaman placed a mixture of shortening and lard in two glass dishes (loaf pans) sitting atop hot plates. He then heated up the two glass dishes until the grease and lard mixture reached its flashpoint and burst into flames.

(11) Mr. Thaman then poured cornstarch into one cooking dish, and baking soda into the other, shaking each box over the flames like a salt shaker. Both fires were extinguished.

(12) Based upon this experiment, Mr. Thaman concluded that both cornstarch and baking soda extinguish small kitchen fires.

## CONCLUSIONS OF LAW

(1) "The admissibility of evidence, including demonstrative evidence, rests largely within the discretion of the trial court." *Harsh v. Petroll,* 840 A.2d 404, 421 (Pa. Commw. 2003) (citing *Leonard v. Nichols Homeshield Inc.,* 384 Pa. Super. 1, 557 A.2d 743 (1989).

(2) Demonstrative evidence is admissible if its probative value outweighs the likelihood of improperly influencing the minds of the jury. *Jackson v. Spagnola,* 349 Pa. Super. 471, 503 A.2d 944 (1986).

(3) "Where the demonstration of evidence is a physical representation of the incident or event, the conditions must be sufficiently close to those involved in the accident at issue to make the probative value of the demonstration outweigh the prejudicial effects." *Harsh v. Petroll,* 840 A.2d 404, 421 (Pa. Commw. 2003). (citation omitted)

(4) Expert testimony may not be used to bolster the credibility of the jury, as witness credibility is solely within the province of the jury. *Commonwealth v. Johnson,* 456 Pa. Super. 251, 690 A.2d 274 (1997).

## DISCUSSION

In seeking to preclude the introduction of plaintiffs' cornstarch demonstration and testing, defendants claim

that introduction of the demonstration at trial would be irrelevant and unduly prejudicial. Plaintiffs contend that Mr. Thaman's testimony is relevant and that the probative value of his cornstarch testing outweighs any possible prejudice suffered by the defendants by its introduction.

Demonstrative evidence is generally admissible if its probative value outweighs the likelihood of improperly influencing the jury. *Pascale v. Hechinger Co. of Pa.,* 426 Pa. Super. 426, 437, 627 A.2d 750, 755 (1993). The proponent of such demonstrative evidence must prove it is sufficiently close to the accident to make the probative value outweigh the likely prejudicial effect. *Id.*

The evidence, per Mr. Thaman's deposition, indicates that Mr. Thaman was specifically asked to determine whether or not cornstarch would extinguish a fire of the size Mr. Hill experienced at Mount Nittany Inn on the day of April 16, 2003 (dep. p. 36, ¶¶14-18), not to specifically recreate the fire that occurred. (Dep. p. 52, ¶¶5-7.)

In conducting his experiment, Mr. Thaman used instruments and procedures similar to that which Mr. Hill stated were involved. Mr. Thaman testified that he used two glass loaf pans, each approximately 18 square inches, which "closely resembled and simulated what Mr. Hill testified to [what] was at the Mount Nittany Inn." (Dep. p. 51, ¶¶15-17.) Further, Mr. Thaman was able to achieve flames in each of the two loaf pans that were approximately the same height as the fire at Mount Nittany Inn. (Dep. p. 55, ¶¶8-9.) Finally, Mr. Thaman's opinion is that, when he was conducting the experiment, he was able to place the cornstarch box in the same approximate position as that of Mr. Hill when putting out the fire. (Dep. p. 62, ¶¶3-18.)

In sum, as Mr. Thaman's deposition clearly indicates, the cornstarch experiment is a sufficient physical representation of the fire and Mr. Hill's reaction thereto existing at Mount Nittany Inn on April 16, 2003:

"Q: Given the fact that it was a demonstration as opposed to a re-creation . . . [w]hat are the differences, if any, between what Mr. Hill did on April 16 of 2003 and what you did on October 8 of 2004?

"A: I believe very, very little difference . . . the size of the fire was similar. Mr. Hill describes a fire the size of around three inches by six inches. He talks about taking a box of cornstarch, pouring, shaking, like a salt shaker, on top of it. The fire extinguishes. What did I do, I had a fire inside of a glass pan, approximately three inches by six inches[.] Took the box of cornstarch and poured it exactly as Mr. Hill said he indicated he did in the Mount Nittany Inn fire. My fire went out immediately, just as Mr. Hill's fire went out immediately." (Dep. p. 79, ¶¶5-24, p. 80, ¶1.) As such, defendants' motion to exclude plaintiffs' cornstarch testing and demonstration is denied.

## ORDER

And now, September 27, 2005, after a hearing on the matter and a review of defendants' memorandum of law in support of their motion to exclude plaintiffs' cornstarch demonstration and testing and plaintiffs' response to defendants' motion to exclude, it is hereby ordered and decreed that defendants' motion is denied.

However, Mr. Thaman's testimony at trial is limited to the conclusions of the cornstarch experiment, relating to whether it is possible to extinguish a fire with cornstarch, and *not* evaluating or bolstering the credibility of Mr. Hill's testimony.